IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STEVE GODSEY and | ) | |
| SABRINA GODSEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-124 |
| | ) | |
| TENNESSEE HIGHWAY PATROL, | ) | |
| a part of the TENNESSEE DEPARTMENT | ) | |
| OF SAFETY, MICHAEL D. WILLIAMS, | ) | |
| individually and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of the "Motion to Dismiss Filed on Behalf of Defendants Tennessee Highway Patrol, Tennessee Department of Safety, and Michael D. Williams, in His Official Capacity" [doc. 6]. No response to the motion has been filed.[1]

Plaintiffs have brought this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1985(3) for alleged violation of their constitutional rights and for injunctive relief. For the reasons stated herein, the motion will be granted.

---

[1] The response to this motion was due May 23, 2005. Plaintiffs' counsel was allowed to withdraw on June 20, 2005, and plaintiffs were given until July 22, 2005, to obtain new counsel or prosecute the case on their own behalf. To date, no new counsel has appeared, and the motion to dismiss remains without a response from plaintiffs.

I.

*Standard of Review*

The motion before the court is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are designed to test 'whether a cognizable claim has been pleaded in the complaint.'" *Fed. Express Corp. v. U. S. Postal Serv.*, 40 F. Supp. 2d 943, 947 (W.D.Tenn. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). "To survive a motion to dismiss under Rule 12(b)(6), 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001).

When reviewing a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990)). The court does not have to accept as true legal conclusions or unwarranted factual inferences, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and may dismiss a complaint pursuant to Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).

II.

*Factual Allegations in the Complaint*

On April 20, 2004, plaintiffs were traveling on Interstate 40 when they were stopped by defendant, Michael Williams ("Trooper Williams"), a patrolman with defendant Tennessee Highway Patrol ("THP"). Plaintiff Steve Godsey was driving. After the paper work had been completed and he had signed for the ticket, Mr. Godsey turned to his wife and said, "Why are all State Troopers a-holes?" When Trooper Williams asked him what he had said, Mr. Godsey repeated the question.

Trooper Williams then threw his clip board and pen on the ground and told Steve Godsey to get out of the car. Trooper Williams handcuffed Mr. Godsey and pulled him to the patrol vehicle by the handcuffs. Trooper Williams tried to see if Mr. Godsey had anything in his hand, and Mrs. Godsey left their vehicle and said that Mr. Godsey did not have anything in his hands. Trooper Williams put Mr. Godsey in the patrol vehicle and ordered Mrs. Godsey back to the patrol vehicle as well. Trooper Williams then searched plaintiffs' vehicle.

After searching plaintiffs' vehicle, Trooper Williams opened the door to the patrol car and asked Mr. Godsey if he wanted to go home or to jail. Mr. Godsey responded that he wanted to go home. Trooper Williams then ordered Mr. Godsey to look at the sign next to his radar detector that read "2 FAST 4 U." Trooper Williams then got Mr. Godsey out of the patrol car and uncuffed him.

3

III.

*Analysis*

<u>§ 1983 Claim</u>

In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989) (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988)). However, the State of Tennessee is not a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 2308, 105 L. Ed. 2d 45 (1989). Thus, the § 1983 claim cannot stand against THP and the TDS, and it will be dismissed.

For the same reason, the § 1983 claim cannot stand against Trooper Williams in his official capacity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." 491 U.S. at 71, 109 S. Ct. 2312 (citing *Brandon v. Holt*, 469 U.S. 464, 471, 105 S. Ct. 873, 877, 83 L. Ed. 2d 878 (1985)). Therefore, Trooper Williams in his official capacity is also not a "person" within the meaning of § 1983. Accordingly, the § 1983 claim against Trooper Williams in his official capacity must also be dismissed.

4

However, even if THP, TDS, and Williams in his official capacity were "persons" within the meaning of § 1983, the claim would be barred by the Eleventh Amendment. "The Eleventh Amendment bars suits by all persons against a State in federal court." *Timmer v. Michigan Dep't of Commerce*, 104 F.3d 833, 836 (6th Cir. 1997) (citing *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S. Ct. 1868, 1872, 109 L. Ed. 2d 264 (1990)).

Claim for Injunctive Relief

"[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10, 109 S. Ct. 2312 n.10 (quoting *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S. Ct. 3099, 3106, 87 L. Ed. 2d 114 (1985)).

The complaint states that Trooper Williams is sued in his official capacity for injunctive relief. However, that statement is the extent of the allegations concerning that claim. Nowhere in the complaint are there any allegations regarding prospective injunctive relief nor is prospective injunctive relief prayed for in the complaint. Plaintiffs have thus failed to state a claim for prospective injunctive relief against Trooper Williams in his official capacity, and this claim will be dismissed.

## State Law Claim

Defendants also argue in their motion that plaintiffs' state law claim for malicious prosecution must be dismissed. The court does not read the complaint to include any state law claims. The first paragraph of the complaint references that the action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3) for violation of plaintiffs' constitutional rights guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments. With regard to the Fourth Amendment, plaintiffs state: "the Fourth Amendment right to be free from unreasonable searches and seizures, wrongful arrest, equal protection, malicious prosecution, and procedural and substantive due process components thereof." Plaintiffs' allegations concerning malicious prosecution are part of their Fourth Amendment claim. There is no reference in the complaint to any state law claims or the court's supplemental jurisdiction over such claims.

In any event, to the extent the complaint can be read to contain a state law claim for malicious prosecution against THP, TDS, and Williams in his official capacity, it is barred by the Eleventh Amendment. *See generally Timmer,* 104 F.3d at 836; *Welch v. Texas State Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73, 107 S. Ct. 2941, 2945, 97 L. Ed. 2d 389 (1987).

## § 1985 Claim

Mr. Godsey alleges that Trooper Williams and "as-yet unknown or unidentified individuals, including Officer Marler with the Commercial Vehicle Enforcement,[2] "conspired to deprive him of his rights in violation of 42 U.S.C. § 1985(3). Mr. Godsey, however, has not stated a claim under § 1985(3).

In order to maintain a claim under §1985(3), a plaintiff must demonstrate that the defendants

> (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and *that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus*.

*Bass v. Robinson,* 167 F.3d 1041, 1050 (6th Cir. 1999) (emphasis added) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1798-99, 29 L. Ed. 2d 338 (1971)); *see also, Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). There are no allegations in the complaint that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." Therefore, a vital component to the conspiracy claim is missing. However, because defendants did not raise this as a basis for dismissal in their motion, plaintiffs will be given an opportunity to show cause why this claim should not be dismissed for the reasons set out above.

---

[2] Officer Marler is not a named defendant in this case.

Accordingly, for the reasons stated herein, defendants motion will be granted.

An order reflecting this opinion will be entered.

ENTER:

<u>     s/ Leon Jordan     </u>
United States District Judge