IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STEVE GODSEY and<br>SABRINA GODSEY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | No. 3:05-CV-124 |
| | ) | |
| TENNESSEE HIGHWAY PATROL,<br>a part of the TENNESSEE DEPARTMENT<br>OF SAFETY, MICHAEL D. WILLIAMS,<br>individually and in his official capacity, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the court for consideration of the motion to dismiss [doc. 22] filed by the only remaining defendant in this case, Michael D. Williams in his individual capacity. Plaintiffs failed to file a response to the motion within the time required by E.D.TN. LR 7.1(a). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. TN. LR 7.2.

Defendant argues that on October 17, 2005, plaintiffs were ordered to answer defendant's written discovery that had been originally served on April 29, 2005, [doc. 18].[1] Plaintiffs were given 20 days to submit responses to the discovery requests, and to date they have not done so. Plaintiffs were also put on notice in the discovery order that a failure to

---

[1] The record indicates that plaintiffs did not respond to the motion to compel discovery that was granted in this order.

cooperate in discovery could lead to monetary sanctions and the possible dismissal of their case. Defendant also points out that plaintiffs have not cooperated with defense counsel in preparing a discovery plan as required by the court's scheduling order [doc. 20]. Defense counsel made efforts to contact plaintiffs concerning the discovery plan, but she has had no success in communicating with plaintiffs.

This action was filed on March 9, 2005. On May 31, 2005, plaintiffs' counsel filed a motion to withdraw.[2] The motion was granted [doc. 9], and plaintiffs were given until July 22, 2005, to obtain new counsel and have that counsel make an appearance on their behalf. The court also informed the plaintiffs that if new counsel had not appeared by that date, plaintiff would be expected to prosecute the case on their own behalf. No counsel has appeared, and plaintiffs have not pursued their case.

On August 29, 2005, the court set a scheduling conference for October 25, 2005. Plaintiffs failed to appear at the scheduling conference. As referenced above, plaintiffs have not responded to discovery motions and have not complied with court orders.

Federal Rule of Civil Procedure 41(b) states in pertinent part, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b).

---

[2] Counsel's motion reflects that on May 6, 2005, he filed an order of voluntary dismissal; however, it was not properly submitted to the court based on electronic filing requirements. The order was not resubmitted to the court properly. The motion also reflects counsel's statement that "[o]n the 31st day of May, 2005, the Law Offices of Michael S. Shipwash, met with the plaintiff, Steve Godsey, and learned that, instead of filing a Voluntary Dismissal, the Plaintiff would rather have Plaintiff Counsel withdraw, so that his case may proceed in Federal Court."

2

It is within this court's discretion to dismiss a case for failure to prosecute. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citations omitted). However, "dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Id.* (citations omitted). Because dismissal of this action is a harsh and extreme sanction, plaintiffs will be given one last opportunity to demonstrate to the court that they are interested in prosecuting their lawsuit.

Therefore, it is **ORDERED** that this civil action is **SET FOR HEARING** on Wednesday, February 15, 2006, at 1:30 p.m. at which the plaintiffs must **SHOW CAUSE** why the court should not dismiss their lawsuit for a failure to prosecute. **If plaintiffs do not comply with this order and do not appear at the hearing, defendant's motion will be granted, and this case will be dismissed at that time.**

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge

3